UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VAN JENKINS, | Case No. 11-13356 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| ORCHARDS CHILDREN'S SERVICES, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 18)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights complaint against Orchards Children's Services and its CEO, Michael Williams, on August 2, 2011.  (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings on August 9, 2011.  (Dkt. 8).  On November 14, 2011, defendants filed a motion to dismiss. (Dkt. 18).  Plaintiff filed a response on December 5, 2011.  (Dkt. 22).  Defendants filed a reply on January 16, 2012.  (Dkt. 26).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

Plaintiff's complaint contains extensive factual detail regarding the eviction of his girlfriend (Amber Boyles) from her home, the removal of her children from her custody, one of whom is plaintiff's son, the children's mistreatment in foster care, and various wrongs done to Ms. Boyles. (Dkt. 1). As to the named defendants, plaintiff alleges the following conduct. On December 7, 2010, Shevonne Spurlock, MSW and director of Orchards Children's Services recommended that plaintiff's son be placed on psychiatric medication and indicated that the minor child's mother consented. According to plaintiff, the mother was coerced into giving consent to the administration of psychiatric drugs. Plaintiff says that he is entitled to information about the mental health treatment his child is receiving and that his permission was required. Plaintiff asserts that the forcible treatment of his son was a deprivation of his son's Fourteenth Amendment right to liberty.

Next, plaintiff claims that Kellie O'Dowd, a child and family worker at Orchards Children's Services, did not acknowledge a letter he sent to her regarding the Initial Service Plan's self-employment development. Apparently, plaintiff sought her assistance in transferring his web-based business to Ms. Boyles so that she could support her children. On January 24, 2011, plaintiff

wrote another letter to Ms. Spurlock, providing her with a sworn affidavit, non-marital agreement, durable power of attorney, copies of the terms and conditions for his website store, along with instructions for operating the website store, all to be given to Ms. Boyles.  In response, Ms. Spurlock wrote that she was not in a position to get Ms. Boyles to sign a non-marital contract.  Plaintiff apparently asserts that, as part of the Federal Temporary Assistance for Needy Families and State Family Independence Program, Ms. Spurlock is depriving him of the required reunification efforts and placing barriers to prevent Ms. Boyles and the children from becoming self-sufficient because she would not facilitate signing over the website store to Ms. Boyles.

   Plaintiff also alleges that Orchards Children's Services "follows-up" the deprivation caused by the Department of Human Services by not providing payment for shelter for Ms. Boyles and her children as required by federal statutes. Plaintiff asserts that the treatment suffered by Ms. Boyles and her children is a violation of the Eighth Amendment of the Constitution and the Due Process Clause.  The procedural due process violations stem from the failures of DHS and Orchards Children's Services to provide notice and a hearing regarding the guardianship agreement before removing the children and the denial of payments for shelter.  Plaintiff asserts that Orchards Children's Services is a foster care agency that failed to make sure the children were living in a safe and healthy

environment. And, that because the Romulus police abducted the children, Orchards should not have custody of them.

B.  Defendants' Motion to Dismiss

Defendants argue that plaintiff's complaint is rambling and nonsensical and the majority of it is not even applicable to the named defendants. In addition, much of the complaint refers to wrongdoing against persons other than the plaintiff himself. Defendants assert that such claims are not legally cognizable and should be dismissed. Defendants also contend that plaintiff's complaint fails to allege any wrongdoing by the named defendants that involved any deprivation of his Constitutional rights and he failed to allege that defendants are state actors, as required to sustain a § 1983 claim.

In the alternative, defendants ask for a more definite statement under Rule 12(e), given the vague and rambling nature of plaintiff's complaint. For example, plaintiff refers to the "Safe Delivery of Newborns law" but fails to explain how this pertains to plaintiff's complaint or how defendants supposedly violated this law. In addition, defendants point out that plaintiff's complaint fails to comply with Rule 10(b), which requires numbered paragraphs.

C.  Plaintiff's Response

In response, plaintiff asserts that there has been an "obstruction of the legal processes of pleadings." Plaintiff then recounts much of the factual allegations in

his complaint and asserts that Orchards Children's Services is in violation of the law for not providing information regarding the wrongful removal of the children, for their abuse and neglect, and for the wrongful administration of drugs to the children. Plaintiff says that he requested a preliminary injunction before Judge Nancy Edmunds because she presided over *Dwayne B. v. Granholm*, Case No 06-13548, which involved a settlement regarding claims made by children in foster care in the state of Michigan. Plaintiff apparently believes that his claims are somehow an enforcement action of that settlement agreement. Plaintiff claims that his pleadings were altered by the Clerk of the Court to exclude DHS and other agency officials.

    Plaintiff believes that his complaint complies with the federal rules and that motions for more definite statements are disfavored. He also asserts that Orchards Children's Services did not comply with federal requirements to make reasonable efforts to preserve and unify families in order to prevent a child's removal from the home, failed to give preference to an adult relative as caretaker in determining placement for the children, forced him into an adhesion contract - the Initial Service Plan, and that they deprived him of visitation with his son.

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

   Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Thus, the Court must still read plaintiffs' *pro se* complaint indulgently and accept plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at

issue.).

B. <u>Dismissal Under Rules 8 and 10</u>

The undersigned concludes that plaintiff's complaint should be dismissed because it fails to comply with Federal Rules of Civil Procedure 8 and 10. The Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e). Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation. Here, plaintiff's amended complaint violates Rule 8(a) and Rule 10(b). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified

burden on the court and on the party who must respond to it." *Id.*, quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint..." *Id.*, quoting *Indiana Regional Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D. P.R. 2006), aff'd, 506 F.3d 22 (1st Cir. 2007). But the complaint here presents a "dense thicket" of "incomprehensible" assertions. *See e.g.*, *Eisenstein v. Emsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*, violating Rule 8).

Further, plaintiff's complaint is characterized by what many courts have described as "buzzwords" or "gibberish[.]" *See e.g. Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp.

696, 702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v. Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803 (E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*. *See e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008) ("Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... ." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g., Lease v. Fishel*, 2009 WL 922486, *2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that plaintiff's amended complaint contains far too much detail, extraneous information, and incomprehensible gibberish. And, "any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Medical Center*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

"As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature

of the claim(s) asserted." *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010), citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transportation & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more than guessing could take place." *Id*. Thus, despite plaintiff's *pro se* status, given the incomprehensible nature of plaintiff's complaint, the undersigned concludes that dismissal of all claims is appropriate.

  C.  Plaintiff's Claims on Behalf of Others

To the extent that the undersigned is able to discern any potential claims from plaintiff's complaint, those will also be addressed on their merits. It is well-established that plaintiff may not assert § 1983 claims on behalf of third-parties, non-parties, or other persons, including his own children. *Sefa v. Commonwealth of Kentucky*, 2012 WL 1158793 (E.D. Ky. 2012) (The plaintiff may not rest a claim for relief on the legal rights or interests of third parties), citing *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991); *Idemudia v. Consolidated Rail Corp.*, 36 Fed.Appx. 558 (6th Cir. 2002). And, parents lack standing to assert § 1983 claims on behalf of their children. *Divergilio v. Skiba*, 919 F.Supp. 265, 269 (E.D. Mich. 1996); *see also Haller v. Lipps*, 2011 WL 7300284,*7 (S.D. Ohio 2011) (The plaintiff father's claims based on the failure of the county family services agency to protect the welfare his daughter or the emotional and mental damage done to his

daughter not cognizable under § 1983); *Cramblit v. Fikse*, 1992 WL 307962, at *6 (6th Cir. 1992) ("[A]n action under 42 U.S.C. § 1983 inures only to the benefit of one whose own personal constitutional rights were violated."); *Bakari v. May*, 2011 WL 1743728, at *5 (S.D. Ohio 2011) (finding that plaintiff lacked standing to assert claims based on the rights of her son). Thus, to the extent that plaintiff's complaint attempts to assert claims on behalf of his son, his girlfriend, and her children, they are not cognizable and should be dismissed for failure to state a claim on which relief may be granted.

    D.    <u>Plaintiff's Claims On Own Behalf</u>

To the extent that plaintiff has asserted any discernable § 1983 claims on his own behalf, the undersigned finds that they are without merit, even assuming, without deciding, that defendants are state actors. Plaintiff, by his assertions that defendant has not complied with federal law requiring it to provide visitation, appears to be referring to the Adoption Assistance Act. The Adoption Assistance Act amended Title IV of the Social Security Act and "sought to provide the states with fiscal incentives to encourage a more active and systematic monitoring of children in the foster care system." *Scrivner v. Andrews*, 816 F.2d 261 (6th Cir. 1987), quoting *State of Vermont Department of Social and Rehabilitation Services v. United States Department of Health and Human Services*, 798 F.2d 57, 59 (2d Cir. 1986). The Sixth Circuit held that the Adoption Assistance Act does not

13    Report and Recommendation
Motion to Dismiss
*Jenkins v. Orchards Children's Services*; Case No. 11-13356

provide an enforceable right under § 1983 to meaningful visitation while children are in foster homes. *Scrivner*, 816 F.2d at 263-64. Further, damages are not available in a § 1983 action claiming violations of the Adoption Assistance Act. *Id*. at 264. The Supreme Court, in *Suter v. Artist M.*, 503 U.S. 347, 364 (1992) concluded that the Adoption Assistance act (specifically the provision requiring states to make "reasonable efforts" to maintain an abused or neglected child in his home or return him home from foster care) did not confer a private right of action under § 1983 or otherwise.

And, to the extent that plaintiff claims that defendant should have, but did not, properly explore placement of his son with a relative, this falls within the domestic relations exception to federal jurisdiction. As this Court has held, where a plaintiff contends that a third-party family member should have been awarded custody of a minor, the domestic relations exceptions bars a federal court from awarding such relief. *Palmer v. Buscemi*, 2007 WL 2903203, *4 (E.D. Mich. 2007) (Lawson, J.).

Finally, the undersigned concludes that plaintiff's complaint does not state a claim for interference with the parent-child relationship of constitutional proportions. To the extent that plaintiff is asserting a procedural due process claim, any such claim should be dismissed for failure to state a claim because plaintiff does not explain in his complaint how the state remedies were inadequate.

*See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (noting that a plaintiff must plead and prove that the state remedies for redressing the wrong are inadequate).

To the extent plaintiff asserts a substantive due process claim, the right to family integrity or familial association is included in the Fourteenth Amendment substantive due process right of freedom of intimate association. *Wygant v. Strand*, 2011 WL 533865, *7 (E.D. Mich. 2011), citing *J.B. v. Washington County*, 127 F.3d 919, 927 (10th Cir. 1997). Federal courts "have recognized a protected right to familial association, and [have] allowed parents or their children to recover under § 1983 for alleged unconstitutional conduct primarily directed toward another family member[, but] have done so only where the plaintiffs have alleged a permanent, physical loss of association of an immediate family member as a result of unlawful state action." *Pittsley v. Warish*, 927 F.3d 3, 8 (1st Cir. 1991), quoted in *Bukowski v. City of Akron*, 326 F.3d 702, 712 n. 2 (6th Cir. 2003). "Moreover, the Supreme Court has repeatedly reaffirmed the existence of a constitutional right to the maintenance of a parent-child relationship." *Wygant*, at *7, quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). In addition, the "right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." *Wygant*, at *7, quoting *Watterson v. Page*, 987 F.2d 1, 9 (1st Cir. 1993).

15    Report and Recommendation
Motion to Dismiss
*Jenkins v. Orchards Children's Services*; Case No. 11-13356

"To recover under § 1983 for deprivation of a protected relationship, a plaintiff must prove that the governmental action was directed toward a protected aspect of that relationship and that any injury was not merely incidental to the action taken." *Walsh v. Erie Co. Dep't of Job & Family Servs.*, 240 F.Supp.2d 731, 757 (N.D. Ohio 2003) (finding that since defendants' deprivation of a protected relationship was incidental to their violation of the plaintiffs' Fourth Amendment rights, the plaintiffs did not have a cognizable claim for interference of parent-child relationship), citing *Divergilio v. Skiba*, 919 F.Supp. 265, 269 (E.D. Mich. 1996). In order "[t]o state a cognizable substantive due process claim, the plaintiff must allege conduct intended to injure in some way unjustifiable by any government interest and that is conscience shocking in nature." *Canter v. Reeves*, 2008 WL 1925048, *7 (E.D. Mich. 2008), quoting *Mitchell v. McNeil*, 487 F.3d 374, 377 (6th Cir. 2007) (internal quotation marks and citation omitted). In the context of family-integrity claims, the government's interest in protecting children stands on equal ground with the fundamental interest in the family. *Canter*, at *7, citing *Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2000). As noted by the courts, not every tort at common law implicates a constitutional remedy and to recover under § 1983 for deprivation of a protected relationship, a plaintiff must prove that the government action was directed toward a protected aspect of that relationship and that any injury was not merely incidental to the

action taken. *Walsh v. Erie Co. Dep't of Job and Family Services*, 240 F.Supp.2d 731 (N.D. Ohio 2003), citing *Divergilio*, 919 F.Supp. at 269.

This case is similar to *Booker v. Sullivan*, 2011 WL 3555718 (D. S.C. 2011) (Report and Recommendation, adopted by the District Court, *see* 2011 WL 3704199), in which the Court rejected an inmate's interference with familial association claim where state foster care workers temporarily took custody of the inmate's minor children. The Court concluded that, where the action concerned a temporary custody proceeding, during a time when the plaintiff was incarcerated, his parental interests were not harmed by the challenged actions. *Booker*, 2011 WL 3555718, at *6. The Court concluded that, under such circumstances, the plaintiff failed to state a claim for interference in familial association between the incarcerated inmate and his minor child. *Id*. In adopting the Report and Recommendation, the District Court concluded that at most, the inmate's right to contact and have his daughter visit him in prison was temporarily affected by the minor's placement in state custody, and such conduct "does not amount to a deprivation of liberty" and that the facts alleged were "insufficient to indicate that the defendants intentionally infringed upon [his] liberty interest in a manner that shocks the conscience." *Booker*, 2011 WL 3704199, *5, quoting *Zakrzewski v. Fox*, 87 F.3d 1011, 1013-14 (8th Cir. 1996). The undersigned sees nothing in the complaint, as to Orchards Children's Services, that differentiates plaintiff's claims

from those rejected in *Booker*.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 18, 2012          s/Michael Hluchaniuk
                            Michael Hluchaniuk
                            United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on May 18, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Emily M. Ballenberger, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address: Van Jenkins, ID# 172475, 701 Newport Place, Ann Arbor, MI 48103.

                            s/Tammy Hallwood
                            Case Manager
                            (810) 341-7887
                            tammy_hallwood@mied.uscourts.gov