UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,

                                          Civil Action No. 11-CV-13356
vs.                                      HON. MARK A. GOLDSMITH

ORCHARDS CHILDREN'S
SERVICES, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S R&R, (2) DENYING PLAINTIFF'S OBJECTIONS TO THE R&R, AND (3) DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER TO STRIKE**

      Before the Court is the report and recommendation (R&R) of Magistrate Michael J. Hluchaniuk (Dkt. 36), along with Plaintiff's objections (Dkt. 37). Also before the Court is Plaintiff's appeal of the Magistrate Judge's order to strike (Dkt. 35). For the reasons explained below, the Court accepts and adopts the R&R, and denies Plaintiffs' objections and appeal.

      Plaintiff Van Jenkins filed suit pro se against Orchards Children's Services and its president, alleging numerous claims related to the organization's actions with regard to Plaintiff's girlfriend and the removal of children from her custody, one of whom is Plaintiff's son. Defendants filed a motion to dismiss, and in May 2012, the Magistrate Judge issued an R&R recommending that the motion be granted. The eighteen-page R&R thoroughly set out the generally confusing and rambling nature of Plaintiff's complaint, along with a description of any discernable relevant factual allegations. The R&R explained that the complaint violated Federal

Rule of Civil Procedure 8's requirements that a complaint contain a short and plain statement of the claim and be simple, concise, and direct, and Federal Rule of Civil Procedure 10's requirement that the complaint set forth numbered paragraphs, each describing only a single set of circumstances. The R&R further explained that the discernable claims of the complaint failed to state a claim because Plaintiff asserted the rights of others and raised claims for relief not cognizable under 42 U.S.C. § 1983.

Plaintiff has filed objections to the R&R; Defendants have filed a response. Having carefully reviewed the R&R, along with the objections and response, the Court rejects Plaintiff's objections. Plaintiff's objections do not challenge any aspect of the R&R; instead, Plaintiff argues new factual information not included in the complaint. The Court will not consider new factual assertions made for the first time in post-R&R objections. See Murr v. United States, 200 F.3d 895, 901 n.1 (6th Cir. 2000) (parties generally not permitted to raise new arguments or claims before the district court that were not presented to the magistrate judge). Further, as Plaintiff has not raised any objection to the contents of the R&R, Plaintiff has waived any further right to appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985). In any case, the Court has reviewed the R&R and finds it thorough and correct.

Finally, also pending before the Court is Plaintiff's appeal of the Magistrate Judge's order granting Defendants' motion to strike. In the briefing related to the above-described motion, after Defendants submitted their reply in support of their motion, Plaintiff filed an "objection" to the reply (Dkt. 27). Defendants moved to strike on the basis that such a filing was improper, and the Court granted the motion, striking the filing (Dkt. 32). Plaintiff has filed an appeal of the Magistrate Judge's order (Dkt. 35). Again, however, Plaintiff's filing does not set forth any

purported legal error with the Magistrate Judge's decision. Nor could it, as the Magistrate Judge's order was correct.

Accordingly, the Court accepts and adopts the report and recommendation (Dkt. 36), rejects Plaintiff's objections (Dkt. 37), and denies Plaintiff's appeal of a prior order (Dkt. 35).

SO ORDERED.


Dated: August 23, 2012         s/Mark A. Goldsmith
   Flint, Michigan             MARK A. GOLDSMITH
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2012.

                               s/Deborah J. Goltz
                               DEBORAH J. GOLTZ
                               Case Manager